UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY NEAL, II,

Plaintiff,

v.

ALLEN, *et al.*,

Defendants.

Case No. 25-cv-12039
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
APPOINT COUNSEL
(ECF NO. 42)**

---

Plaintiff Wesley Neal, II, moves for appointment of counsel. ECF No. 20. Under 28 U.S.C. § 1915, "[t]he court **may** request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a

lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions."  *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Neal says that he needs counsel because his case has merit, the issues are complex, and he requires assistance with discovery.  These are not exceptional circumstances.  Neal's claims are limited to those based on Defendant Dr. Allen's alleged failure to adequately treat Neal's dental conditions and Defendant Ebony Nenrod's alleged interference with Neal's grievance against Allen.  *See* ECF No. 27; ECF No. 34.  These claims are not complex.  And discovery has not yet begun.  Nenrod has filed a dispositive motion that has been fully briefed, and the U.S. Marshals

Service is still attempting to serve Allen.  *See* ECF No. 30; ECF No. 42.

Thus, the Court can discern no reason to appoint counsel at this stage.  For

these reasons, Neal's motion to appoint counsel is **DENIED WITHOUT**

**PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 21, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on May 21, 2026.

3

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager