UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY NEAL, II,

Plaintiff,

v.

DR. ALLEN, *et al.*,

Defendants.

Case No. 25-cv-12039
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING PLAINTIFF'S
MOTION TO SUPPLEMENT HIS RESPONSE AND DENYING
PLAINTIFF'S MOTION TO FILE A SUR-REPLY
(ECF NOS. 36, 39)[1]**

Plaintiff Wesley Neal, II, proceeding pro se, moves for leave to supplement his response to Defendant Ebony Nenrod's motion to dismiss or for summary judgment.  ECF No. 36.  He explains that he filed his first response believing that the deadline to do so was March 4, 2026.  He later received the Court's order requiring a response by March 17, 2026.  ECF No. 32.  Neal's supplemental brief seeks to add arguments and evidence not included in his original response.  ECF No. 36.

---

[1] The Court intended to enter this order before filing the report and recommendation to which these motions are related.  ECF No. 44.

Although Nenrod opposes Neal's motion to supplement, she is not prejudiced by the Court's consideration of the supplemental brief because the Court has recommended granting her motion.  ECF No. 38.  Thus, the Court **GRANTS** Neal's motion for leave to supplement his response.  ECF No. 36.

Neal also moves for leave to file a sur-reply.  ECF No. 39.  The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019)

Neal has not shown that good cause justifies filing a sur-reply.  He states only that he wishes to respond to Nenrod's reply in support of her motion.  ECF No. 39.  He does not explain what issues must be addressed or why he could not advance his arguments in either his original response

or his supplemental response.  Thus, Neal's motion for leave to file a sur-

reply is **DENIED**.  ECF No. 39.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 18, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on June 18, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

3