UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY NEAL, II,

Plaintiff,

v.

ALLEN, *et al.*,

Defendants.

Case No. 25-cv-12039
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S MOTION TO
RECEIVE FULL COPY OF COMPLAINT
(ECF NO. 48)**

Plaintiff Wesley Neal, II, a pro se prisoner of the Michigan

Department of Corrections (MDOC), brings this action under 42 U.S.C.

§ 1983 alleging constitutional violations arising from his incarceration at the

Macomb Correctional Facility. ECF No. 1. The Honorable Linda V. Parker

referred the case to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1). ECF No. 17.

Neal moves to receive a full copy of his complaint. ECF No. 48. He

claims that he sent the Court two boxes containing 1,200 pages of exhibits

in support of his complaint, but that the complaint filed on the docket only

totals 138 pages. *Id.* The Clerk's Office has no record of having received

two boxes containing over 1,200 pages of documents in June 2025, and the Court cannot send Neal documents it does not possess.

Regardless, Neal asks the Court to send him over 1,200 pages of documents.  Litigants proceeding in forma pauperis are not entitled to free copies of court records.  *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a)…does not give the litigant a right to have documents copied and returned to him at government expense."); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("The statutory right to proceed in forma pauperis…does not include the right to obtain copies of court orders without payment therefor."); *Hurst v. Warden*, No. 2:09-cv-1042, 2010 WL 1687675, at *1 (S.D. Ohio Apr. 22, 2010) (citing cases).

Nor are such extensive exhibits relevant to the proceedings at this stage, as the validity of Neal's complaint depends on the adequacy of the pleadings—not the evidentiary support.  Neal is warned that excessively long exhibits accompanying complaints are improper.  *See Knappp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:19-0542, 2020 WL 13836374, at *2 (M.D. Tenn. May 28, 2020); *Rubenstein v. Univ. of Tennessee*, No. 1:16-CV-475, 2017 WL 11831788, at *1 (E.D. Tenn. Oct. 25, 2017).

Thus, Neal's motion for a full copy of his complaint is **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 17, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on July 17, 2026.

s/Julie Owens
JULIE OWENS
Case Manager